**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL M. ASUNCION,
Plaintiff-Appellant,

v.                                                                No. 96-2702

SOUTHLAND CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-95-3165-MJG)

Submitted: January 13, 1998

Decided: February 23, 1998

Before HALL and WILKINS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles Mentzer, Baltimore, Maryland, for Appellant. Michael F.
Marino, Eric A. Welter, REED, SMITH, SHAW & MCCLAY,
McLean, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael M. Asuncion appeals from the district court's order granting summary judgment in favor of the Defendant and dismissing his employment discrimination action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-16 (West 1994 & Supp. 1997). We affirm.

Asuncion, an Asian male, was employed from 1982 to 1993 as a part-time store clerk and then store manager by Southland Corporation.* In October 1992, Asuncion managed a "7-Eleven" store in Rockville, Maryland. In September and October 1993, surveys of the registers at Asuncion's store revealed two cash shortages totaling $101.27. Asuncion notified his Field Consultant, Donald Driver, of the cash shortages and told Driver that he believed Kwame Kuffor, an employee, was responsible for the cash shortages. Driver instructed Asuncion to investigate the shortages and to interview Kuffor. Asuncion met with Kuffor to discuss the shortages and suggested to Kuffor that he go home and check his smock pockets for the missing money.

Following the interview, Kuffor notified Asuncion that he had found the money and returned $150 along with a letter of resignation. In November 1993, Market Manager Russ Ritenour fired Asuncion for violating Southland's company policy against requiring store employees to pay back cash register shortages. Asuncion filed a grievance with the Montgomery County Commission on Human Relations and with the Equal Employment Opportunity Commission ("EEOC"). Asuncion received a right to sue letter from the EEOC in August 1995. In September 1995, Asuncion filed suit in the Circuit Court of Maryland for Montgomery County, which was later removed to the district court. Asuncion alleged: (1) discrimination based on race and national origin in violation of Title VII, and (2) discrimination based on race and national origin in violation of

_____

*Southland Corporation operates convenience stores under the names "7-Eleven" and "High's."

the Montgomery County Human Relations Act. The Defendant filed a motion for summary judgment, which the district court granted.

On appeal, Asuncion asserts that the district court erred in granting summary judgment to the Defendant because the Defendant wrongfully discharged him because of his race. To establish a claim of employment discrimination, Asuncion must show that: (1) he is a member of a protected class; (2) he was qualified for the job and that his job performance was satisfactory; (3) in spite of his qualifications, he was fired; and (4) he was replaced by someone outside the protected class. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993). Once a prima facie case is established, the burden shifts to the defendant to produce evidence that shows a legitimate, nondiscriminatory reason for their actions. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). If the defendant meets this burden, the burden then shifts back to the plaintiff to show that the reason proffered by the defendant was false and that race was the real reason for the adverse action. See St. Mary's Honor Ctr., 509 U.S. at 514-15.

Our review of the record and the district court's opinion discloses that this appeal is without merit. Although Asuncion established the first three elements of the prima facie case, he failed to establish that he was replaced by an individual not within the protected class. After Asuncion's termination, his position was temporarily filled by a Caucasian female Field Consultant Trainee. Ultimately, however, Asuncion's position was filled by an Asian male.

In addition, Southland articulated a legitimate, nondiscriminatory reason for firing Asuncion: that Ritenour, the market manager who made the decision to terminate Asuncion, reasonably believed that Asuncion required an employee to pay back cash register shortages in violation of Southland's company policy against such practices. Asuncion failed to show that Southland's explanation was actually a pretext for a discriminatory motive. See St. Mary's Honor Ctr., 509 U.S. at 511; Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1316-17 (4th Cir. 1993). The only evidence that Asuncion proffers is his assertion that he did not force Kuffor to pay back the cash shortages. This is not sufficient to establish a genuine issue of material fact as to what Ritenour believed and acted upon when terminating Asuncion. See Billups v. Methodist Hosp. of Chicago, 922 F.2d 1300, 1304 (7th Cir.

3

1991). The record establishes that after an independent investigation, it was recommended that Asuncion be terminated for accepting money from an employee for cash shortages. Asuncion failed to establish this explanation was pretextual.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4